IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CARL ROSE, ) | |
| ) | Civil Action No.  07 - 411 |
| Plaintiff, ) | |
| ) | Judge Arthur J. Schwab |
| v. ) | Magistrate Judge Lisa Pupo Lenihan |
| ) | |
| LOUIS FOLINO, *Superintendent, S.C.I.* ) | |
| *Greene;* DAN DAVIS, *Grievance Coordinator*; ) | |
| MR. MORALES, *Property Lieutenant;* B. A. ) | |
| KIRBY, *R.H.U. Lieutenant*; MR. SMITH, ) | |
| *Correction Officer*; MR. KING, *Correction* ) | |
| *Officer*; MR. H. STEPHENS, *Correction* ) | |
| *Officer;* MR. HENDERSON, *Correction* ) | |
| *Officer; individually and in their official* ) | |
| *capacities*, ) | |
| ) | |
| ) | |
| Defendants. ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

I.      RECOMMENDATION

It is respectfully recommended that Plaintiff's Motion for a Temporary Restraining Order and/or Preliminary Injunction (doc. no. 16) be denied.

II.     REPORT

Plaintiff, Carl Rose, an inmate at the State Correctional Institution at Greene, commenced this action pursuant to the Civil Rights Act of 1871, 42 U.S.C. §1983, alleging various violations of his constitutional rights.  Plaintiff filed a Motion for a Temporary Restraining Order and/or Preliminary Injunction requesting that this Court order the Defendants to transfer him to another prison.

To obtain a preliminary injunction, the district court must consider four factors:  the likelihood of success on the merits of claim; the extent of irreparable injury from the alleged

misconduct; the extent of harm to the non-movant; and the effect on public interest. Clean Ocean Action v. York, 57 F.3d 328, 331 (3d Cir. 1995); Opticians Ass'n of America v. Independent Opticians of America, 920 F.2d 187, 191-92 (3d Cir. 1990). The preliminary injunction remedy "must be reserved for extraordinary circumstances. . . ." Hoxworth v. Blinder, Robinson & Co. Inc., 903 F.2d 186, 189 (3d Cir. 1990). If the record does not support a finding of both irreparable injury and a likelihood of success on the merits, then a preliminary injunction cannot be granted. Marxe v. Jackson, 833 F.2d 1121 (3d Cir. 1987).

A temporary restraining order is analyzed under the same criteria as a preliminary injunction. Fink v. Supreme Court of Pennsylvania, 646 F.Supp. 569, 570 (M.D.Pa. 1986). Such an order provides extraordinary relief and is only granted if the movant demonstrates that he will suffer immediate and irreparable injury prior to notice and response by the adverse party if the relief is denied. United States v. Stazola, 893 F. 2d 34, 37 n.3 (3d Cir. 1990). Because Plaintiff is seeking mandatory relief, his burden is particularly heavy. *See* Punnett v. Carter, 621 F.2d 578, 582 (3d Cir. 1980); Acierno v. New Castle County, 40 F.3d 645, 653 (3d Cir. 1994). Moreover, a request for injunctive relief in the prison context "must always be viewed with great caution because 'judicial restraint is especially called for in dealing with the complex and intractable problems of prison administration." ' Goff v. Harper, 60 F.3d 518, 520 (8th Cir. 1995) (quoting Rogers v. Scurr, 676 F.2d 1211, 1214 (8th Cir. 1982)).[1]

---

[1] *See also* Taylor v. Freeman, 34 F.3d 266, 269 (4th Cir. 1994) (noting that intervention in the management of state prisons is rarely appropriate where mandatory injunctive relief is sought and only preliminary findings as to the plaintiffs' likelihood of success on the merits have been made); Fisher v. Goord, 981 F. Supp. 140 (W.D.N.Y. 1997) ("In the prison context, a request for injunctive relief must always be viewed with great caution so as not to immerse the federal judiciary in the management of state prisons.").

Plaintiff bears the burden of establishing a "clear showing of irreparable injury." Hohe v. Casey, 868 F.2d 69, 72 (3d Cir.), *cert. denied*, 493 U.S. 848 (1989). This is not an easy burden. Adams v. Freedom Forge Corp., 204 F.3d 475, 484 (3d Cir. 2000). "The word irreparable connotes "that which cannot be repaired, retrieved, put down again, atoned for . . .." Acierno, 40 F.3d at 653.[2] Moreover, when considering the type of injury sustained by a party seeking relief, "the claimed injury cannot merely be possible, speculative or remote." Dice v. Clinicorp, Inc., 887 F. Supp. 803, 809 (W.D. Pa. 1995). An injunction is not issued "simply to eliminate a possibility of a remote future injury. . . ." Acierno, 40 F.3d at 655 (citations omitted). The facts must clearly support a finding that immediate and irreparable injury will result to the movant if preliminary relief is denied. United States v. Stazola, 893 F.2d 34, 37 n.3 (3d Cir. 1990). Absent a showing of immediate, irreparable injury, the court should deny preliminary injunctive relief. *Id*.

Here, the Plaintiff has not demonstrated irreparable injury if he remains at the State Correctional Institution at Greene. Plaintiff is not entitled to remain incarcerated within a particular penal institution. Olim v. Wakinekona, 461 U.S. 238 (1983); Young v. Quinlan, 960 F.2d 351, 358 n. 16 (3d Cir. 1992). The state may transfer him without depriving him of a liberty interest even if the he was transferred to an institution with more severe rules. Meachum v. Fano, 427 U.S. 215 (1976), *rehearing denied*, 429 U.S. 873 (1976). Where a plaintiff requests an injunction that would require the Court to interfere with the administration of a state prison, "appropriate consideration must be given to principles of federalism in determining the availability and scope of equitable

---

[2] *See also* Frank's GMC Truck Center, Inc. v. General Motors Corp., 847 F.2d 100, 102-03 (3d Cir. 1988) (holding that the irreparable harm requirement is met if a plaintiff demonstrates a significant risk that he or she will experience harm that cannot adequately be compensated after the fact by monetary damages).

3

relief." Rizzo v. Goode, 423 U.S. 362, 379 (1976). The federal courts are not overseers of the day-to-day management of prisons. Prison officials require broad discretionary authority as the "operation of a correctional institution is at best an extraordinarily difficult undertaking." Wolff v. McDonnell, 418 U.S. 539, 566 (1974). Accordingly, prison administrators should be accorded wide-ranging deference in the adoption and execution of policies and practices that are needed to preserve internal order and to maintain institutional security. Bell v. Wolfish, 441 U.S. 520, 527 (1979).

Moreover, Plaintiff has not demonstrated that he is likely to prevail on the merits of his underlying claims.

Because the Plaintiff has failed to show both the likelihood of success on the merits of his claims and that he will suffer irreparable injury if relief is not granted, this Court recommends denying his Motion for a Temporary Restraining Order and/or Preliminary Injunction without a hearing. *See* Kershner v. Mazurkiewicz, 670 F.2d 440, 443 (3d Cir. 1982).

## III.     CONCLUSION

For the reasons stated above, it is respectfully recommended that Plaintiff's Motion for a Temporary Restraining Order and/or Preliminary Injunction (doc. no. 16) be denied.

In accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1)(B) and (C), and Rule 72.1.4(B) of the Local Rules for Magistrate Judges, the parties are allowed ten (10) days from the date of service to file objections to this report and recommendation. Any party opposing the objections shall have ten (10) days from the date of service of objections to respond thereto. Failure to file timely objections may constitute a waiver of any appellate rights.

                                          Lisa Pupo Lenihan
                                          U.S. Magistrate Judge

Dated: October 12, 2007

cc:     The Honorable Arthur J. Schwab
        United States District Judge

        CARL ROSE
        EL-2814
        SCI Greene
        175 Progress Drive
        Waynesburg, PA 15370